UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT and SANDRA CLOUD,<br><br>    Plaintiffs,<br><br>v.<br><br>QUALITY HOME SERVICES, INC.; et al.,<br><br>    Defendant. | 3:11-cv-0247-LRH-VPC<br><br>ORDER |

Before the court is plaintiffs Robert and Sandra Cloud's ("the Clouds") motion in limine to exclude the expert testimony of defendants' rebuttal expert Jerry Lawrence ("Lawrence"). Doc. #75.[1]

Also before the court is defendants Quality Home Services, Inc. ("Quality") and Merrill L. Jones's ("Jones") counter-motion in limine to exclude the expert testimony of plaintiffs' expert Tom Gardner ("Gardner"). Doc. #77.

## I.   Facts and Procedural History

This action involves home repair damages related to an allegedly negligent home inspection. The Clouds purchased a home after an inspection by was performed by defendants Quality and Jones. The home allegedly had visible water problems in the crawl space that were not

---

[1] Refers to the court's docket number.

1  identified in the inspection report which required serious renovation and repair costs.

2  On April 6, 2011, the Clouds filed a complaint against defendants for breach of contract and
3  negligent misrepresentation. Doc. #1. During discovery, defendants Quality and Jones identified
4  Lawrence as its expert rebuttal witness. Thereafter, the Clouds filed the present motion to exclude
5  Lawrence. Doc. #75. In response, moving defendants filed the present counter-motion to exclude
6  the Clouds' identified expert Gardner. Doc. #77.

7  **II.   Discussion**

8  **A. Jerry Lawrence**

9  In their motion, the Clouds allege that Lawrence's testimony is unreliable and should be
10 excluded under Rule 702 and in accordance with the *Daubert* evidence trilogy: *Daubert v. Merrell-*
11 *Dow Pharms., Inc.*, 509 U.S. 579 (1993); *General Electric Co. v. Joiner*, 522 U.S. 136 (1998);
12 *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). *See* Doc. #75. Specifically, the Clouds
13 argue that Lawrence is not a licensed inspector, has never held a contractor's license in the state of
14 Nevada, did not view the property at issue, and does not offer an opinion on the causation of the
15 Clouds' damages.

16 Rule 702 permits testimony on "scientific, technical, or other specialized knowledge" by
17 experts qualified by "knowledge, skill, experience, training, or education" if the testimony is both
18 relevant and reliable. FED. R. EVID. 702. Expert testimony is reliable if it is "based upon sufficient
19 facts or data," "the product of reliable principles and methods," and the expert "applies the
20 principles and methods reliably to the facts of the case." *Id*. In determining whether an expert's
21 testimony is admissible, a district court must determine whether the witness is qualified to offer the
22 opinions he is espousing and whether the testimony "rests on a reliable foundation and is relevant
23 to the facts of the case." *Kumho Tire*, 526 U.S. at 152; *see also, United States v. Hankey*, 203 F.3d
24 1160, 1168 (9th Cir. 2000).

25 The court has reviewed the documents and pleadings on file in this matter and finds that

26

Lawrence's rebuttal opinion testimony is reliable and therefore admissible under the Federal Rules of Evidence. First, the court notes that Lawrence is qualified to testify and opine about the repair estimates produced by the Clouds' expert Gardner. Lawrence is a licensed contractor who has taught for nine years at Southern Utah University including teaching courses on cost estimation. Thus, he has sufficient experience, skill, training and knowledge to testify as an expert in this action.

Second, the Clouds' concerns about Lawrence's testimony go to the weight rather than the admissibility of his testimony. The Clouds challenge Lawrence's opinion that their expert inflated his repair costs because Lawrence does not provide his own opinion on the damage sustained to the house. However, Lawrence is a rebuttal witness whose testimony is only offered to rebut that of Gardner's; he is not proffering his own expert opinion on what happened to the Clouds' home. Thus, the Clouds' arguments go to the weight that should be afforded Lawrence's testimony and not its admissibility. *See e.g., Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Accordingly, the court shall deny the Clouds' motion.

**B. Tom Gardner**

In their motion, moving defendants argue that Gardner's testimony and report should be excluded because (1) he was not properly designated as an expert witness under Rule 26; and (2) his testimony is unreliable under Rule 702 and the *Daubert* evidence trilogy. *See* Doc. #77.

**1. Rule 26**

Moving defendants argue that Gardner was not a properly designated expert witness because he did not provide a list of cases in which he testified in the last four years as required by Rule 26(a)(2)(B)(v), and as such, his testimony should be excluded under Rule 37.

Federal Rule of Civil Procedure 37 states in pertinent part that "if a party fails to provide

3

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . ., unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). This sanction is "self-executing" and "automatic." *Yeti by Molly Ltd. v. Deckers Outdoor Co.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The court has reviewed the documents and pleadings on file in this matter and finds that Gardner's failure to comply with the case list requirement is harmless. The evidence before the court establishes that Gardner sold his business and retired in 2007. Thus, at the time Gardner submitted his expert report he had not testified as an expert for more than four years. Therefore, even though Gardner did not provide a list with his report, because he did not testify as an expert during the preceding four years, the court finds his failure is harmless and shall deny moving defendants' motion as to this issue.

**2. Reliability**

Moving defendants also argue that Gardner's testimony is unreliable because his report "makes very vague and unsupported estimates of the cost of labor and materials to be used to repair alleged defects." *See* Doc. #77. The court finds that moving defendants' concerns go to the weight that should be afforded Gardner's report and not its admissibility. Accordingly, the court shall deny moving defendants' motion.

IT IS THEREFORE ORDERED the plaintiffs' motion to exclude (Doc. #75) is DENIED.

IT IS FURTHER ORDERED that defendant's counter-motion to exclude (Doc. #77) is DENIED.

DATED this 5th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4