UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROBERT and SANDRA CLOUD,

    Plaintiffs,

v.

QUALITY HOME SERVICES, INC.; et al.,

    Defendant.

3:11-cv-0247-LRH-VPC

ORDER

    Before the court is defendants Quality Home Services, Inc. ("Quality") and Merrill L. Jones's ("Jones") motion for summary judgment. Doc. #72.[1]

    Also before the court is plaintiffs Robert and Sandra Cloud's ("the Clouds") cross-motion for summary judgment. Doc. #74.

**I.    Facts and Procedural History**

    This action involves home repair costs related to an allegedly negligent home inspection. The Clouds purchased a home after an inspection performed by defendant Jones. The home allegedly had visible water problems in the crawl space that were not identified in the inspection report which ultimately required serious renovation and repair.

    On April 6, 2011, the Clouds filed a complaint against defendants for breach of contract,

---

[1] Refers to the court's docket number.

negligence, and negligent misrepresentation. Doc. #1. Thereafter, the parties filed the present cross-motions for summary judgment. Doc. ##72, 74.

## II.  Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;

there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

Where, as here, parties filed cross-motions for summary judgment on the same claims before the court, the court must consider each party's motion separately and on its own merits. *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted). Accordingly, "the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and opposition to both motions, before ruling on each of them." *Id.* at 1134.

### III.   Discussion

Both parties have moved for summary judgment on plaintiffs' claims. *See* Doc. ##72, 74. The court has reviewed the documents and pleadings on file in this matter and finds that there are disputed issues of material fact precluding summary judgment for both parties.

Initially, the court notes that there is a material dispute as to the relevant standard of care in this action. Defendants contend that the appropriate standard of care is a high professional standard that can only be established by expert testimony. In opposition, the Clouds argue that the standard of care is low in this instance because anyone, even an untrained but reasonable person, would have noticed water damage under the house and reported it to the Clouds. The court finds that the relevant standard of care in this action is a necessary prerequisite for summary judgment and that neither party has sufficiently established the necessary level of care in their moving papers.

Further, the court finds that there are disputed issues of fact as to whether or not Jones negligently performed the inspection. The Clouds testified that the water damage under the house was so prevalent and easily visible that anyone, especially a trained home inspector, would have noticed the water damage and reported it. However, Jones testified in his deposition that he did not see any water damage or water related issues while he was conducting his general visual inspection of the house and that had he seen any actual water damage he would have reported it in his inspector's report. Thus, the court finds that there are disputed issues of material fact going the

heart of the Clouds' claims that preclude summary judgment in this matter. Accordingly, the court shall deny the parties' motions.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Doc. #72) and plaintiffs' motion for summary judgment (Doc. #74) are DENIED. The parties shall have thirty (30) days from entry of this order to submit a proposed joint pre-trial order.

DATED this 27th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE